Mr. Justice Hagner
delivered the opinion of the Court:
This is an appeal from a decree of the special term upon a bill filed by Forsyth and wife and the other complainants, *206 who are co-heirs with Mrs. Forsyth, and with her seized as tenants in common of certain lots of ground in the city of Washington.
The bill asked for an injunction to prohibit the sale of the property by the trustees named in three deeds of trust executed by the complainants to secure three loans made by the association to Forsyth. It appears that Forsyth was a member of the association, and as such, on three occasions, he borrowed, or, as it is called, bought, money from the association upon his shares of stock, the loans aggregating $7,200.
The rules of the association require that all loans made by it shall be secured by the execution of a deed of trust upon real estate. Forsyth, the borrower, either had no real estate of his own or none which would be considered as affording adequate security, and to comply with the requirements of the association he obtained the consent of his wife and the other co-heirs of the land in question to pledge it by deeds-of trust to secure the loans. t
Forsyth, from time to time, made a nnmber of payments-to the association. Shortly before the filing of the bill he was-informed that the sum claimed from him was very much in excess of the balance which, according to his calculation was actually due. This difference arose in great part from the circumstance that the association had not given him credit upon his loans for the full amount of the payments, he had made at various times. According to the regulations of the society, each stockholder is pledged to pay at stated periods one dollar upon each share of stock owned by him. If he becomes a borrower or purchaser of money from the association, he is thenceforth required to pay an additional dollar upon each share, Forsyth claimed that in computing his indebtedness he should have received a credit tor both of these dollar payments ; whereas the association insisted that by the terms of their constitution and by-laws,, properly construed, the additional dollar should not in such a case be credited to the borrower, but the benefit of its payment should inure to the members of the association who. were not borrowers.
*207 including a commission * * * * to the said trustees
Forsyth also claimed that he was entitled, if he desired to. close out his interest and withdraw, to a credit upon his-account for the present value of his shares of stock. This, was denied by the officers, who insisted that according to the constitution in such a case the shares of stock did not constitute a proper credit, but that they were absorbed or merged for the benefit of the remaining members of the association. The difference between these modes of compution was very considerable. Forsyth insisted that, according-to a proper statement of the account, he owed less than $850,, and this amount he paid into court to be applied as far as was necessary to the extinguishment and discharge ofhis loam
The questions presented by this class of controversies are very difficult and complicated, and their solution depends, in a great degree upon the peculiar provisions of the constitutions of the particular societies, which differ from each other frequently in important particulars. In the view which we take of this case, it is not necessary, nor would it be proper, that we should enter at large into a discussion of' these questions as between Forsyth and the association.
The present suit is by the grantors in the several deeds of trust. No one of those grantors, except Forsyth, was at all indebted to the association at the time they united in these deeds. They, therefore, stand in the position of sureties, who have agreed to become answerable for the default of a debtor. In such cases the responsibility of "the sureties is not to be extended by implication or construction, but the measure of their liability is to be found in the instrument which creates it. By that they have agreed to be bound, and by its terms the extent of their responsibility is to be determined.
These deeds of trust all contain the following clause ; “ Upon default made in the payment of any one or more of said monthly dues, or of the fines or forfeitures, &e.,_ * * * * It shall be the duty of the trustees * * * * to sell said real estate * * * * and from the proceeds of the sale shall first be paid, to satisfy the expenses of sale, *208 * * * and, secondly, shall be paid to said treasurer * * * * the said sums ($4,200, $2,000, and $1,000 * * * * after deducting therefrom the value of the said stock as ascertained in the usual way by said association at the time said default as aforesaid shall have been made.”
It is manifest that if the trustees had sold the property, their plain duty would have been to apply the proceeds according to the provision just quoted, and in no other way. They, therefore, would first have deducted the expenses of the sale and their commission ; secondly, they would have paid to the association the balance remaining due by For-syth, but that balance was to be the sum remaining after deducting therefrom the value of the said stock.” If the trustees had undertaken to settle wdth the association without allowing the credits thus plainly provided for, a court of equity would inevitably have interposed to compel the performance by the trustees of this plain duty, upon complaint of the grantors in the deeds. To refuse to allow such a credit would have been undoubtedly a fraud upon the agreement, by which alone the grantors became liable to the association. And, inasmuch as this relief would have been given after the sale, we cannot see why the court should refuse to give the same relief at the present stage of the case, before the sale has been made.
The proper terms of settlement, as between Forsyth and the association, may depend upon principles by which the grantors are not to be bound, if they are in opposition to the provisions of the deeds of trust.
There is no proof in the case, properly presented to the court, indicating the value of the stock, for the statements presented at the argument, although apparently official in form cannot be considered as evidence in the cause. If those statements are correct, it would appear that after the credit of $850 and the deduction of the value of Forsyth’s shares of stock, the debt would be more than paid.
It will be necessary to remand the case that the proper valuation of the shares may be ascertained upon an audit j and the decree below is reversed, and the case remanded for that purpose.